IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVETTE GBALAZEH, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0076-N |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| a municipality of the State of Texas, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs Yvette Gbalazeh, Lee Sunbury, and Fred Sims' application for preliminary injunction [64]. For the reasons set forth below, the Court denies Plaintiffs' motion with respect to their challenges to Sections 31-35 and 28-63.3 of the Code of Ordinances of the City of Dallas. The Court reserves judgement on Plaintiffs' challenge to Texas Transportation Code § 552.007 until after the Texas Attorney General has had an opportunity to intervene, pursuant to Federal Rule of Civil Procedure 5.1.

### **I. ORIGINS OF THE DISPUTE**

This case is about the enforcement of three panhandling laws in Dallas, Texas. The first two, Dallas Ordinances §§ 31-35 and 28-63.3, are the focus of this Order. Section 31-35 prohibits solicitation by coercion, after sunset, and in certain specified areas of the City. Section 28-63.3 prohibits solicitation of occupants of vehicles from public property adjacent to the roadway. Section 28-63.3 defines solicitation as, either orally or in writing, (1) asking for a ride, employment, goods, services, financial aid, monetary gifts, or any article

representing monetary value, for any purpose; or (2) offering to sell something; or (3) giving away goods, services or publications; or (4) asking for signatures on a petition. Plaintiffs allege that they have been cited under either one or both of these ordinances, and that both violate their First Amendment rights.

## II. LEGAL STANDARDS

To obtain a preliminary injunction, Plaintiffs must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). To succeed on the merits of a First Amendment challenge, Plaintiffs must first categorize the type of restriction. If it is content based, the regulation must satisfy strict scrutiny and be narrowly tailored to a compelling government interest. *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2227 (2015). If it is content neutral, the ordinance must only satisfy intermediate scrutiny. *Int'l Soc. for Krishna Consciousness of New Orleans, Inc. v. City of Baton Rouge*, 876 F.2d 494, 497 (5th Cir. 1989).

## III. THE COURT DENIES PLAINTIFFS INJUNCTIVE RELIEF

### *A. Section 31-35 Does Not Pose a Risk of Irreparable Injury*

Failure to grant an injunction against section 31-35 would not create a substantial risk of irreparable injury. A city's voluntary cessation of an allegedly unconstitutional practice

"moots a case only when 'it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Blitch v. City of Slidell*, 260 F. Supp. 3d 656, 662 (E.D. La. 2017) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Every indication is that the City has stopped, and does not plan to resume, enforcing section 31-35. On February 8, 2018, the Dallas Police Department ("DPD") issued a bulletin officially directing officers not to enforce section 31-35. App. to Pls.' Third Am. Class Action Compl. & Appl. for Prelim. Inj., [64-2], Ex. 21. Plaintiffs' evidence suggests that even before the bulletin, DPD had a practice of not enforcing section 31-35. Only one of the named Plaintiffs has ever been cited under section 31-35, and those citations were issued over ten years ago. *Id.*, Ex. 18. Further, when Plaintiffs asked DPD about enforcement of solicitation laws, it responded by stating it only enforces sections 28-63.3 and 552.007, and made no mention of section 31-35. *Id.*, Ex. 19.

Accordingly, the Court holds that it is not reasonable to assume that DPD will resume enforcement of section 31-35. Because Plaintiffs have therefore not shown that failure to grant an injunction against section 31-35 will result in a substantial threat of irreparable injury, the Court denies injunctive relief as to this ordinance.

### B. Section 28-63.3 is Narrowly Tailored to a Compelling Government Interest

Plaintiffs are not likely to succeed on the merits of their challenge to section 28-63.3. While the ordinance does appear to be a content based restriction on speech, the Court holds that it should be upheld because it is narrowly tailored to a compelling government interest.

The Court disagrees with the City's argument that section 28-63.3 is content neutral. A regulation "is content based if [it] applies to particular speech because of the topic discussed or the idea or message expressed." *Reed*, 135 S. Ct. at 2227. The City argues that section 28-63.3 is not content based because it applies broadly to all types of solicitation. But this argument hinges on too narrow of a perspective. Of the various forms of protected speech, section 28-63.3 picks and prohibits only solicitation. The ordinance does not stop individuals from standing on the side of the road to advocate for a political campaign or church. But once the advocate begins to offer or ask for something from drivers, their speech runs afoul of section 28-63.3. Accordingly, the Court holds that section 28-63.3 is a content based restriction on speech.

The ordinance, however, survives strict scrutiny. The City has stated that its compelling interest in enforcing section 28-63.3 is traffic safety. Def. City of Dallas's Resp. to Pls.' Appl. for Prelim. Inj., [77], 10 ("Resp."). Traffic safety qualifies as a compelling government interest. *See, e.g.*, *McLaughlin v. Lowell*, 140 F. Supp. 3d 177, 190-91 (D. Mass. 2015); *City of Baton Rouge*, 876 F.2d at 497-98 (citing *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640 (1981)). The parties' main debate instead concerns how well structured section 28-63.3 is to serve that interest. The Fifth Circuit has waded into a similar debate before. In *City of Baton Rouge*, the Fifth Circuit upheld an ordinance prohibiting solicitation from the shoulder of a road. 876 F.2d at 498. It reasoned that the ordinance was narrowly tailored to the aim of "assuring the free movement of vehicles and promoting traffic safety on city streets." *Id.*

The same logic applies here. The solicitation that section 28-63.3 prevents is unique from other types of speech. If successful, the solicitation necessarily draws either the solicitor to the road, or the driver to the sidewalk. A vivid imagination is not required to see how this behavior could impede the free and safe flow of traffic. An ordinance banning roadside solicitation seems to be a completely reasonable way to address that danger. It is neither under nor over inclusive, allows solicitation in several other areas, and comprehensively remedies the dangers associated with roadside solicitation.[1] Accordingly, the Court holds that section 28-63.3 is narrowly tailored to fulfill a compelling government interest. Plaintiffs are thus unlikely to succeed on the merits of their First Amendment challenge to the ordinance, and the Court denies injunctive relief.

## CONCLUSION

For the reasons stated above, the Court denies Plaintiffs' motion for preliminary injunction as to sections 31-35 and 28-63.3. The Court reserves judgment on Plaintiffs' motion as it relates to section 552.007.

---

[1] Plaintiffs cite three cases in which somewhat similar laws were held to not be narrowly tailored to a compelling government interest. *See Thayer v. City of Worcester*, 144 F. Supp. 3d 218 (D. Mass. 2015); *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276 (D. Col. 2015); and *McLaughlin*, 140 F. Supp. 3d 177. But the ordinances in these cases differ from section 28-63.3 in that they each prohibit either aggressive panhandling or soliciting in specific areas at specific times. The Courts in all three cases held that those aspects of the ordinances created tailoring problems. Section 28-63.3 does not contain those types of restrictions and is thus not bound to the same analysis.

Signed April 11, 2019.

                                                                          David C. Godbey
                                                                      United States District Judge