IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVETTE GBALAZEH, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0076-N |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| a municipality of the State of Texas, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs Yvette Gbalazeh, Lee Sunbury, and Fred Sims' application for preliminary injunction [64]. By previous Order, the Court denied Plaintiffs' motion with respect to their challenges to sections 31-35 and 28-63.3 of the Code of Ordinances of the City of Dallas [86]. The Court reserved judgement on Plaintiffs' challenge to Texas Transportation Code § 552.007 ("section 552.007") until after the Texas Attorney General had an opportunity to intervene, pursuant to Federal Rule of Civil Procedure 5.1. The sixty day period outlined in Rule 5.1(c) has elapsed and the Attorney General has not intervened. The Court thus has authority to rule on Plaintiffs' challenge to section 552.007, and, for the reasons stated below, grants Plaintiffs' motion and issues the Preliminary Injunction filed contemporaneously with this Order.

**I. ORIGINS OF THE DISPUTE**

This case is about the enforcement of three panhandling laws in Dallas, Texas. The Court addressed the first two, Dallas Ordinances §§ 31-35 and 28-63.3, in its previous Order.

Now, it addresses the third: section 552.007. Section 552.007 prohibits a person standing in a roadway to solicit a ride, contribution, employment, or business from an occupant of a vehicle. The statute makes a single exception for individuals that have gained the permission of local government to solicit charitable contributions, i.e., local fire departments' "fill the boot" campaigns. Plaintiffs allege that they have been cited under section 552.007 and that it violates their First and Fourth Amendment rights.[1]

## II. LEGAL STANDARDS

To obtain a preliminary injunction, Plaintiffs must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). To succeed on the merits of a First Amendment challenge, Plaintiffs must first categorize the type of restriction. If it is content based, the regulation must satisfy strict scrutiny and be narrowly tailored to a compelling government interest. *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2227 (2015). If it is content neutral, the ordinance must only satisfy intermediate scrutiny. *Int'l Soc. for Krishna Consciousness of New Orleans, Inc. v. City of Baton Rouge*, 876 F.2d 494, 497 (5th Cir. 1989).

---

[1] Because the Court grants Plaintiffs' motion on First Amendment grounds, it does not reach Plaintiffs' Fourth Amendment claim.

### III. THE COURT GRANTS PLAINTIFFS INJUNCTIVE RELIEF

The Court holds that Plaintiffs are likely to succeed on the merits of their First Amendment challenge to section 552.007. A regulation "is content based if [it] applies to particular speech because of the topic discussed or the idea or message expressed." *Reed*, 135 S. Ct. at 2227. Section 552.007 is a content based restriction. The ordinance does not stop individuals from standing in the roadway to advocate for a political campaign or church. But once the speakers begin to offer or ask for something from drivers, their speech runs afoul of section 552.007. Indeed, of the various forms of protected speech, the statute picks and prohibits only solicitation, and makes an explicit exception for pre-approved charitable solicitations. Accordingly, the Court holds that section 552.007 is a content based restriction on speech.

Section 552.007 also does not survive strict scrutiny. The Court agrees with the City that traffic safety is a compelling interest. *See e.g. McLaughlin v. Lowell*, 140 F. Supp. 3d 177, 190-91 (D. Mass. 2015); *City of Baton Rouge*, 876 F.2d at 497-98 (citing *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640 (1981)). But the statute is not particularly well structured to serve that interest. The Court denied Plaintiffs' relief with respect to section 28-63.3 because solicitation from the side of the road is more dangerous than any other form of speech from the same location: if successful, solicitation necessarily draws the individual into the roadway. But the same logic does not apply with section 552.007. There is no reason to think that solicitation from within the roadway is any more dangerous than other forms of speech or pre-approved charitable solicitations from within

the roadway. Thus, section 552.007 is clearly under-inclusive. Accordingly, the Court holds that section 552.007 is not narrowly tailored to fulfill a compelling government interest. Plaintiffs are thus likely to succeed on the merits of their First Amendment challenge to the ordinance.

Plaintiffs have also shown a risk of irreparable injury. "The loss of First Amendment freedoms, for even minimal amounts of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Court holds that section 552.007 poses a threat to Plaintiffs' First Amendment rights. Thus, Plaintiffs have shown a threat of irreparable injury.

In light of this, the balance of harms tilts in favor of an injunction. The City argues that preventing enforcement of section 552.007 will render it unable to sufficiently protect against traffic hazards. The Court disagrees. The City has other laws it can use to protect against traffic hazards in the interim that do not risk citing and arresting people under a potentially unconstitutional law. *See* App. to Pls.' Third Am. Class Action Compl. & Appl. for Prelim. In., [64-2], Ex. 21.

As to the public interest, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Simms v. District of Columbia*, 872 F. Supp. 2d 90, 105 (D.D.C. 2012). The enforcement of section 552.007 potentially violates First Amendment rights. As such, the Court finds an injunction to be consistent with the public interest.

## Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion for preliminary injunction as to section 552.007. The Court exercises its discretion under Federal Rule of Civil Procedure 65(c) to waive the bond requirement, as Plaintiffs are engaged in "public-interest litigation" to protect their constitutional rights. *City of Atlanta v. Metropolitan Atlanta Rapid Transit Authority*, 636 F.2d 1084 (5th Cir. 1981). The relief shall take effect thirty (30) days from the date of this Order.

Signed June 25, 2019.

_____
David C. Godbey
United States District Judge