IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVETTE GBALAZEH, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:18-CV-0076-N |
| CITY OF DALLAS, TEXAS, | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant the City of Dallas, Texas's ("the City") motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) [67] and motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the City's Rule 12(b)(1) motion with respect to Plaintiffs' claims for retroactive relief, but otherwise denies both motions.

### I. ORIGINS OF THE DISPUTE

This case is about the enforcement of three panhandling laws in Dallas, Texas. Dallas Ordinance § 31-35 ("section 31-35") prohibits solicitation by coercion, after sunset, and in certain specified areas of the City. Dallas Ordinance § 28-63.3 ("section 28-63.3") prohibits solicitation of occupants of vehicles from public property adjacent to the roadway. Section 28-63.3 defines solicitation as, either orally or in writing, (1) asking for a ride, employment, goods, services, financial aid, monetary gifts, or any article representing monetary value, for any purpose; or (2) offering to sell something; or (3) giving away goods, services or

publications; or (4) asking for signatures on a petition. The final law, Texas Transportation Code § 552.007 ("section 552.007) prohibits a person standing in a roadway to solicit a ride, contribution, employment, or business from an occupant of a vehicle. The statute makes a single exception for individuals that have gained the permission of local government to solicit charitable contributions, i.e., local fire departments' "fill the boot" campaigns.

Plaintiffs Yvette Gbalazeh, Lee Sunbury, and Fred Sims allege that they have been cited under each of these laws, and that all three violate their First and Fourth Amendment rights. In addition to retroactive relief regarding their previous convictions, they seek injunctive and declaratory relief stating the laws are unconstitutional and preventing future enforcement. By previous Orders, the Court granted Plaintiffs a preliminary injunction with respect to section 552.007, but not for sections 28-63.3 or 31-35. The City now moves to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. THE COURT GRANTS IN PART AND DENIES IN PART THE CITY'S RULE 12(B)(1) MOTION TO DISMISS

The City argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims for three reasons: (1) Plaintiffs' claims violate the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 41 (1971); (2) Plaintiffs' claims constitute collateral attacks on final state court judgments in violation of the doctrine established by *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); and (3) Plaintiffs have failed to show they have an injury under section 31-35 that satisfies the standing requirements in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The

Court disagrees with the City's first and third arguments, and agrees with its second only with respect to Plaintiffs' claims for retroactive relief.

### A. The Rule 12(b)(1) Standard

"A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed. 2019). Rule 12(b)(1) is the procedural tool that enables parties to raise subject matter jurisdiction challenges. In reviewing a Rule 12(b)(1) motion, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court thus can rely on "any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

### B. Younger Abstention Does Not Bar Plaintiffs' Claims

Three requirements must be met for a district court to apply *Younger* abstention: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982)).

*Younger* abstention does not bar Plaintiffs' claims because they did not have an adequate opportunity to raise their constitutional claims in state court. The key inquiry is whether or not the plaintiff "cannot obtain an adequate remedy for the putative violations of his constitutional rights." *Bice*, 677 F.3d at 719. The City argues that even though Dallas Municipal Courts cannot issue injunctive relief, Plaintiffs still had an adequate opportunity because the Municipal Courts can consider constitutional challenges to charges. But Plaintiffs' claims are about more than fighting an arrest or citation; they seek an injunction that allows them to *continue* exercising what they believe to be a First Amendment right. The Municipal Courts may be able to acquit them of a charge based on their constitutional arguments, but the courts cannot grant an injunction enabling them to legally engage in the activity going forward. *See* TEXAS GOVERNMENT CODE § 29.001-105. Thus, the Court holds that *Younger* does not strip the Court of subject matter jurisdiction over Plaintiffs' claims.

### C. The Rooker-Feldman Doctrine Bars Only Plaintiffs' Claims for Retroactive Relief

The *Rooker-Feldman* doctrine prevents federal district courts from hearing cases in which "a judgment in favor the plaintiff would necessarily imply the invalidity of the [state court] conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The only exceptions are if the plaintiff proves "that the [state court] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The City argues that *Heck* should apply here: a ruling that the three laws are unconstitutional would nullify Plaintiffs' previous convictions, and Plaintiffs have not challenged their convictions through a habeas petition. The Court disagrees in part, holding that while *Heck* applies to bar Plaintiffs' claims for retroactive relief, it does not bar their claims for prospective relief.

Two characteristics of this case cloud the *Heck* analysis. First, because the Plaintiffs are not currently "in custody pursuant to the judgment of a state court," they cannot bring a habeas petition under the federal habeas statute. 28 U.S.C. 2254(a). The Supreme Court has explicitly not decided if *Heck* applies to cases with this posture. *Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004). The Fifth Circuit, however, has held that it does. In *Black v. Hathaway*, 616 F. App'x. 650 (5th Cir. 2015), the Fifth Circuit held that a plaintiff's claim for monetary damages for an allegedly unconstitutional conviction was barred by *Heck* even though he was released from custody.

Further complicating matters here, however, is that unlike in *Black* the Plaintiffs are requesting a mix of retroactive and prospective relief. In *Feldman*, the Supreme Court suggested that courts presented with this type of case ask whether the two forms of relief are "inextricably intertwined." *Feldman*, 460 U.S. at 486. The closest the Fifth Circuit has come to applying this standard to the facts of this case is *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998). There, it held that *Heck* applied to bar Louisiana state inmate Charles Clarke's suit to prevent future enforcement of a prison rule and reinstate the good time credits he lost for violating the rule. The Fifth Circuit reasoned that the two types of relief were inextricably

MEMORANDUM OPINION AND ORDER – PAGE 5

intertwined because a holding that the rule was unconstitutional would leave the state with no choice but to reinstate Clarke's credits. The problem with applying *Clarke* to this case, however, is that, unlike the Plaintiffs here, Clarke was still incarcerated and could seek habeas relief.

So, the Court is without Fifth Circuit guidance on the unique set of facts presented here: Plaintiffs seeking a mixture of retroactive and prospective relief that have no practical way of challenging the laws with a petition for habeas corpus.

Recently, the Ninth Circuit handled a case with the same posture. In *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), several homeless individuals brought claims challenging the City of Boise's public camping ordinance on Eighth Amendment grounds. Much like the Plaintiffs here, the individuals had been previously arrested and cited, but were not in custody when they filed suit. They too sought both retroactive and prospective relief. After completing an extensive review of the *Heck* line of Supreme Court cases, the Ninth Circuit held that while *Heck* barred the plaintiffs' claims regarding their previous convictions, it did not bar their claim for an injunction to prevent future enforcement of the ordinance. The Ninth Circuit reasoned that the *Heck* doctrine "serves to ensure the finality and validity of previous convictions, not to insulate future prosecutions from challenge." *Id.* at 615.

The Court adopts the Ninth Circuit's logic. As in *Martin*, the Court can clearly distinguish the sought after retroactive relief (record expungement) from the prospective relief (declaratory and injunctive relief regarding the constitutionality of the laws). Doing

differently and adopting the City's position would essentially insulate the laws from challenge. Plaintiffs need to be injured by one of the laws to have standing. But, under the City's logic, if they pay the fine or accept an alternative to custody, they cannot challenge the law's constitutionality to protect what they believe to be their First Amendment right. To do so they would seemingly have to submit to custody and try their luck with a habeas petition. The Court rejects this reading of the law. While Plaintiffs cannot seek retroactive relief regarding their past arrests or citations, they may continue to seek injunctive relief regarding the future enforcement of the laws.

### D. Plaintiffs Have Sufficiently Alleged a Constitutional Injury Under Section 31-35

To establish constitutional standing, Plaintiffs must show that they "suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). While a plaintiff doesn't necessarily have to be arrested under an ordinance to establish injury, he or she must be able to show a "credible threat of prosecution" under the law. *Babbitt v. United Farm Workers Nt'l Union*, 442 U.S. 289, 298 (1979). "When plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not allege a dispute susceptible to resolution by a federal court." *Id.*

The Court previously held that failure to grant an injunction against section 31-35 would not create a substantial threat of irreparable injury given the City's non-enforcement

policy. April 11, 2019 Memorandum Opinion and Order, [86] ("April 11, 2019 Order"). But this does not mean that the Plaintiffs necessarily fail to show they have standing at this stage. Indeed, Supreme Court language suggests that the bar Plaintiffs must meet to show injury-in-fact on a motion to dismiss is lower than that to show a threat of irreparable injury on a motion for preliminary injunction.

In *Lujan v. National Wildlife Federation*, the Supreme Court suggested that "the burden of establishing irreparable harm to support a request for preliminary injunction is, if anything, at least as great as the burden of resisting a summary judgment motion on the ground that the plaintiff cannot demonstrate injury-in-fact." 497 U.S. 871, 907 n.8 (1990) (quoting *National Wildlife Federation v. Burford*, 878 F.2d 422, 432 (D.C. Cir. 1987)). Further, in two earlier cases, the Supreme Court stated that the standard to show injury-in-fact is higher on a motion for summary judgment than it is on a motion to dismiss. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 45 n.25 (1976); *U.S. v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689-90 n.15 (1973).

Patching the language together clarifies that establishing that there is a substantial threat of irreparable injury on a motion for preliminary injunction is a much taller task than showing injury-in-fact to survive a motion to dismiss. Thus, the fact that the Court previously held that the Plaintiffs failed to do the former does not necessarily mean they also failed to do the latter.

The Court holds that Plaintiffs have sufficiently alleged a threat of future prosecution under section 31-35 to establish an injury-in-fact at the motion to dismiss stage. Plaintiffs plead that the City's historic enforcement of section 31-35, the fact that the Dallas Police Department ("DPD") issued the nonenforcement policy just after Plaintiffs filed this case, and the policy's temporal wording create a real possibility that the City may resume enforcing the ordinance at any time. Pls.' Third Am. Class Action Compl., ¶¶ 27-50, 100, 126-27 [59] ("Complaint"). Plaintiffs also allege that this possibility is causing them to refrain from engaging in what they believe to be constitutionally protected speech. *Id.* Such allegations are sufficient to survive a motion to dismiss.

### II. THE COURT DENIES THE CITY'S RULE 12(B)(6) MOTION TO DISMISS

The City argues that Plaintiffs' claims should be dismissed under rule 12(b)(6) for two reasons: (1) the statute of limitations bars all of Plaintiffs' claims concerning events that occurred before May 14, 2016; and (2) Plaintiffs' fail to make out a plausible claim under 28 U.S.C. § 1983 ("section 1983"), the First Amendment, and the Fourth Amendment.

#### A. The Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### *B. Plaintiffs' Claims are Not Barred by Limitations*

The City's limitations argument rests on the theory that the claims in Plaintiffs' Second Amended Complaint regarding sections 28-63.3 and 552.007 do not relate back to the Original Complaint. For relation back to occur, the original complaint must state a justiciable case or controversy. *Lopez v. Southwest Airlines Co.*, 2013 WL 12121233, at *6 (N.D. Tex. July 10, 2013). Gbalazeh was the only named plaintiff in the Original Complaint. The City claims that she lacked standing when she initially filed suit because she challenged only section 31-35 and has since admitted she was never accused of violating section 31-35.

The Court disagrees. As noted above, the Court holds that Plaintiffs, including Gbalazeh, have alleged enough of an injury at this stage to challenge section 31-35. The Court sees no reason why it would have held differently at the time Gbalazeh filed the Original Complaint. If anything, the threat of prosecution was even more credible at that

time considering that DPD had not yet issued the nonenforcement policy. Accordingly, the Court holds that the claims in the Second Amended Complaint relate back to the Original Complaint, and that Plaintiffs' claims are therefore not barred by the statute of limitations.

### *C. Plaintiffs Sufficiently Allege Violations of Section 1983,*  *the First Amendment and the Fourth Amendment*

The rule 12(b)(6) standard can, in some ways, be summarized as simply giving the plaintiff the benefit of the doubt. While there are holes in Plaintiffs' Complaint, the Court does not find their theories to be wholly implausible. It has already found that sections 28-63.3 and 552.007 are content based restrictions on speech. *See* April 11, 2019 Order; June 25, 2019 Memorandum Opinion and Order, [88]. The same logic appears to apply to section 31-35: of the various forms of protected speech, it picks and prohibits only solicitation. Given the plausibility of the First Amendment claims, the Court holds it is plausible that Plaintiffs were deprived of their Fourth Amendment rights to be free from unreasonable search and seizure. And given the plausibility of those violations, and taking all inferences in Plaintiffs' favor, the Court holds that Plaintiffs have sufficiently made out a claim for municipal liability under section 1983: they have identified a policy maker (the City) that promulgated an official policy (the three challenged laws) that became the moving force behind a violation of constitutional rights (the First and Fourth Amendments). *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

## CONCLUSION

For the reasons stated above, the Court grants the City's rule 12(b)(1) motion with respect to only Plaintiffs' claims for retroactive relief. The Court denies the rest of the City's rule 12(b)(1) motion, and the entirety of the City's rule 12(b)(6) motion.

Signed July 9, 2019.

_David C. Godbey_
David C. Godbey
United States District Judge