**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| YVETTE "WILL RAP 4 WEED" | § | |
| GBALAZEH,et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIV. CASE NO. 3:18-cv-00076-N |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT CITY OF DALLAS'S RESPONSE TO PLAINTIFFS'</u>**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

CHRISTOPHER J. CASO
Interim Dallas City Attorney

Sonia T. Ahmed
Assistant City Attorney
Texas Bar No. 24082605
sonia.ahmed@dallascityhall.com
Kathleen M. Fones
Assistant City Attorney
Texas Bar No. 24050611
kathleen.fones@dallascityhall.com
Justin Roy
Assistant City Attorney
State Bar No. 24013428
justin.roy@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7DN
Dallas, Texas  75201
214-670-3519 / fax 214-670-0622

Attorneys for Defendant City of Dallas

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.      OVERVIEW ............................................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND.........................................................2

III.    ARGUMENTS & AUTHORITIES ...............................................................................4

        A.      Plaintiffs fail to establish municipal liability as a matter of law............................ 4

        B.      Plaintiffs failed to meet their burden in establishing as a matter of law that
                Sections 31-35, 28-63.3 and 552.007 are facially unconstitutional under the First
                Amendment....................................................................................................... 8

                1.      Plaintiffs cannot meet their burden to establish that Section 31-35 is
                        facially unconstitutional because the City is not enforcing Section 31-35. 8

                2.      Plaintiffs fail to provide evidence and analysis that as a matter of law
                        Sections 28-63.3 and 552.007 are content-based and do not serve a
                        compelling governmental interest................................................................. 8

                3.      As a matter of law, Section 28-63.3 is content neutral. ........................... 12

                4.      As a matter of law, Section 28-63.3 survives intermediate scrutiny. ....... 14

                5.      Sections 28-63.3 and 552.007 survive strict scrutiny. ............................. 15

                6.      If the Court finds section 552.007 to be unconstitutional, the offending
                        portions should be severed from the statute............................................. 16

        C.      Plaintiffs have failed to establish that there is no genuine issue of fact that their
                Fourth Amendment rights were violated. ........................................................... 18

CERTIFICATE OF SERVICE ...................................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Bethesda Lutheran Homes & Servs., Inc. v. Leean*,
  154 F.3d 716 (7th Cir. 1998) ........................................................................ 6

*Browne v. City of Grand Junction*,
  136 F. Supp. 3d 1276 (D. Colo. 2015) ......................................................... 10

*Clyce v. Hunt County, Texas*,
  No. 3:09-CV-351-N, 2011 WL 13127663
  (N.D. Tex. Aug. 30, 2011) ............................................................................ 4

*Commission for Lawyer Discipline v. Benton*,
  980 S.W.2d 425 (Tex.1998) .......................................................................... 17

*Doe v. Harris County, Tex.*,
  751 Fed. Appx. 545 (5th Cir. 2018) ............................................................... 7

*Familias Unidas v. Briscoe*,
  619 F.2d 391 (5th Cir.1980) .......................................................................... 7

*Fontenot v. Upjohn Co.*,
  780 F.2d 1190 (5th Cir. 1986) ....................................................................... 4

*Geeslin v. State Farm Lloyds*,
  255 S.W.3d 786 (Tex. App.—Austin 2008, no pet.) ............................... 16, 17

*Graham v. Dallas Area Rapid Transit*,
  288 F. Supp. 3d 711 (N.D. Tex. 2017) .......................................................... 5

*Hernandez v. Nacogdoches County, Texas*,
  No. 9:08-CV-119, 2009 WL 10707162
  (E.D. Tex. May 22, 2009) .............................................................................. 6

*Houston Chronicle Publishing Co. v. City of League City*,
  488 F.3d 613 (5th Cir. 2007) ........................................................... 13, 14, 18

*Int'l Soc'y for Krishna Consciousness of New Orleans v. City of Baton Rouge*,
  876 F.2d 494 (5th Cir. 1989) ....................................... 12, 13, 14, 15, 18

*Johnson v. Moore*,
  958 F.2d 92 (5th Cir. 1992) ........................................................................... 7

*Lone Star Security & Video, Inc. v. City of Los Angeles*,
    827 F.3d 1192 (9th Cir. 2016) ............................................................. 13

*March v. Mills*,
    867 F.3d 46 (1st Cir. 2017) ............................................................ 13, 14

*McCullen v. Coakley*,
    573 U.S. 464 (2014) ............................................................................. 14

*McLaughlin v. Lowell*,
    140 F. Supp. 3d 177 (D. Mass. 2015) ................................................. 11

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ............................................................................... 4

*National Fed'n of the Blind of Tex., Inc. v. Abbott*,
    647 F.3d 202 (5th Cir. 2011) ............................................................... 16

*Norton v. City of Springfield*,
    806 F.3d 411 (7th Cir. 2015) ............................................................... 10

*Ragas v. Tennessee Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998) ................................................................. 9

*Recycle for Change v. City of Oakland*,
    856 F.3d 666 (9th Cir. 2017) ............................................................... 14

*Reed v. Town of Gilbert*,
    135 S. Ct. 2218 (2015) ....................................................................... 9, 12

*Rose v. Doctors Hospital*,
    801 S.W.2d 841 (Tex. 1990) ............................................................... 17

*Serv. Emps. Int'l v. City of Houston*,
    595 F.3d 588 (5th Cir. 2010) ................................................................. 9

*Society of Separationists, Inc. v. Herman*,
    939 F.2d 1207 (5th Cir. 1991) ............................................................... 7

*Surplus Store and Exchange, Inc. v. City of Delphi*,
    928 F.2d 788 (7th Cir. 1991) ................................................................. 6

*Thayer v. City of Worcester*,
    144 F. Supp. 3d 177 (D. Mass. 2015) ................................................. 10

*Vives v. City of New York*,
    524 F.3d 346 (2d Cir. 2008) ................................................................. 6

*Ward v. Rock Against Racism*,
    491 U.S. 781 (1989)..................................................................................... 14

*Watkins v. City of Arlington*,
    123 F. Supp. 3d 856 (N.D. Tex. 2015) ....................................................... 13, 14, 18

*West v. Congemi*,
    28 F. Supp. 3d 385 (E.D. La. 1998)............................................................. 6

*Western Union Tel. Co. v. State*,
    62 Tex. 630 (1884)....................................................................................... 17

*Whitesel v. Sengenberger*,
    222 F.3d 861 (10th Cir. 2000) ..................................................................... 6

*Zarnow v. City of Wichita Falls*,
    614 F.3d 161 (5th Cir. 2010) ....................................................................... 4

**Statutes**

Tex. Gov't Code Ann. § 311.032............................................................................. 17

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, City of Dallas (the "City"), files this response to Plaintiffs Yvette Gbalazeh ("Gbalazeh"), Lee Sunbury ("Sunbury"), and Fred Sims's ("Sims") (collectively "Plaintiffs") Motion for Summary Judgment (Dkt. 96).

## I.     OVERVIEW

In their motion for summary judgment, Plaintiffs seek a declaration that two City ordinances, Dallas City Code Chapter 31 Section 35 ("Section 31-35") and Dallas City Code Chapter 28 Section 63.3 ("Section 28-63.3"), and one state statute, Texas Transportation Code section 552.007 ("Section 552.007), are facially unconstitutional under the First, Fourth, and Fourteenth Amendments, a declaration "that any arrests and detention made pursuant to [Section 31-35, Section 28-63.3, and Section 552.007] w[ere] an unlawful violation of 42 U.S.C. § 1983," and a permanent injunction prohibiting the City from enforcing those laws.  (*See* Mtn. Summ. J. (Dkt. 96) at 2.)[1]  For the reasons set forth below, Plaintiffs' motion for summary judgment should be denied.

As an initial matter, Plaintiffs do not establish municipal liability as a matter of law.  In addition, Plaintiffs fail to demonstrate, as a matter of law, that Section 28-63.3, Section 31-35 and Section 552.007 are facially unconstitutional for several reasons.  First, Plaintiffs' request for relief as to Section 31-35 is moot because the City is not enforcing Section 31-35 and is in the process

---

[1] The brief in support of Plaintiffs' motion for summary judgment references violations of Plaintiffs' Fifth, Sixth and Fourteenth Amendment rights and equal protection rights. These violations are not causes of action alleged in their current complaint. (Dkt. 59.)  Furthermore, to the extent that Plaintiffs seek summary judgment regarding past arrests, such relief is inconsistent with the Court's order on the City's motions to dismiss (Dkt. 90), which dismissed Plaintiffs' claims for retroactive relief.  Insofar as Plaintiffs' motion for summary judgment or the brief in support seeks relief inconsistent with the claims in their current complaint, the order on the City's motions to dismiss entered by this Court, and the scheduling order approved and signed by this Court (Dkt. 94), such relief should be denied.  The City objects to any request for relief not based on the current complaint as modified by the Court's order on the City's motions to dismiss.   The City further incorporates by reference the City's motions to dismiss and accompanying briefs, (Dkt. 67-70).

of repealing the ordinance.  Second, despite the fact that the motion for summary judgment seeks a declaration that Section 28-63.3, Section 31-35 and Section 552.007 are unconstitutional, Plaintiffs fail to tie their citations and direct their cases to those sections, and Plaintiffs reference no evidence in their motion for summary judgment and provide no authority as to the invalidity of Section 28-63.3 and Section 552.007.  Third, Section 28-63.3 is content-neutral and does serve a legitimate governmental interest.  Fourth, even if this Court considers Section 28-63.3 content-based, the court has already found that it is narrowly tailored to serve a compelling governmental interest and is the least-restrictive means to address that compelling governmental interest.  Fifth, Section 552.007 also is narrowly tailored to serve a compelling governmental interest.  Finally, if this Court determines that Section 552.007 is not narrowly tailored, the offending portion of the statute can be severed under state law.

As to Plaintiffs' Fourth Amendment claims, Plaintiffs provide no argument or analysis related to the constitutionality of the laws at issue under the Fourth Amendment.  Furthermore, based on the City's arguments as to Plaintiffs' First Amendment claims and the Court's previous rulings in this litigation, Plaintiffs cannot meet their burden to establish a facial challenge against Sections 31-35, 28-63.3, and 552.007 under the Fourth Amendment. For all of these reasons, Plaintiffs have failed to carry their burden, and Plaintiffs' motion for summary judgment should be denied.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

In their third amended complaint, Plaintiffs assert constitutional challenges to two City ordinances and a state statute:  Section 31-35, Section 28-63.3, and Section 552.007.  (Dkt. 59.) Section 31-35 prohibits solicitation by coercion, after sunset, and in certain specified areas of the City.  Section 28-63.3 prohibits solicitation of occupants of vehicles on public roadways from a

location adjacent to the roadway.  Section 552.007 prohibits solicitation in the roadway from an occupant of a vehicle.

Gbalazeh initiated this action on January 11, 2018, upon the filing of her original complaint and brief in support for temporary restraining order and preliminary injunction.  (Dkt. 1.)  On May 14, 2018, Plaintiffs filed their first amended complaint.  (Dkt. 22.)  The first amended complaint added two additional named plaintiffs t

o this action:  Sunbury and Sims.  (*Id.* at ¶¶ 21-22.) Plaintiffs collectively averred that Sections 31-35 and 28-63.3 violated the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and that their arrests constituted false imprisonment under state law.  (*Id.* at ¶¶ 93-136.)

Plaintiffs soon after filed their second amended complaint. (Dkt. 42.)  The second amended complaint dropped Plaintiffs' claims for alleged violations of the Fifth and Sixth Amendments and the Equal Protection Clause of the Fourteenth Amendment, as well as their state law claim for false imprisonment, leaving only claims under the First, Fourth, and Fourteenth Amendments.  (*See* Dkt. 40 at ¶ 4.)  The City filed motions to dismiss Plaintiffs' second amended complaint based on failure to state a claim and lack of subject matter jurisdiction.

Plaintiffs filed their third amended complaint (Dkt. 59), their live pleading.  In that complaint, Plaintiffs added allegations as to the constitutionality of Section 552.007 of the Texas Transportation Code.  Specifically, their claims allege that Section 31-35, Section 28-63.3, and Section 552.007 are unconstitutional under the First and Fourth Amendments.  (*Id.*)  Shortly after filing their third amended complaint, Plaintiffs filed a new application for preliminary injunction. The City filed motions to dismiss Plaintiffs' third amended complaint based on failure to state a claim and lack of subject matter jurisdiction. (Dkt. 67-70.)   The City's motion based on failure to

state a claim was denied.  The City's motion to dismiss based on lack of subject matter jurisdiction was denied in part and granted in part.  Plaintiffs' preliminary injunction was granted as to its claim related to Section 552.007.  (Dkt. 88.)  However, it was denied related to Section 28-63.3 and Section 31-35. (Dkt. 86.)

## III.     ARGUMENTS & AUTHORITIES

In a motion for summary judgment, the moving party bears the burden to establish that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  *Clyce v. Hunt County, Texas*, No. 3:09-CV-351-N, 2011 WL 13127663, at *3 (N.D. Tex. Aug. 30, 2011).  When a movant carries the burden of proof on a claim on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).   In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *Clyce*, 2011 WL 13127663, at *3.

### A.     Plaintiffs fail to establish municipal liability as a matter of law.

To establish liability against a municipality under 42 U.S.C. § 1983, a plaintiff must identify:  "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A policy giving rise to municipal liability may take two forms:  (1) a "policy statement formally announced by an official policymaker," or (2) "a custom, which is a persistent, widespread practice of City officials or employees, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy."  *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010).  It is the plaintiff's burden to identify the policy, connect it to the city, and demonstrate that injury occurred because of the

4

policy. *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 725 (N.D. Tex. 2017). The plaintiff is further required to establish that the moving force behind the alleged constitutional deprivations was the city's deliberate conduct. *Id.*

Before Plaintiffs can establish as a matter of law that Section 31-35, Section 28-63.3 and Section 552.007 are unconstitutional in a suit against the City, they *must* establish as a matter of law the elements of municipal liability for a successful action under 42 U.S.C. § 1983 against the City. Plaintiffs failed to provide any evidence in their motion for summary judgment to support their allegations relating to an alleged municipal policy or custom. Without more than mere statements in their pleading, Plaintiffs have not shown that there is no genuine issue of material fact as to the alleged policy, the policymaker, and whether such policy is the moving force behind the alleged constitutional deprivation.

In fact, Plaintiffs cannot establish, as a matter of law a policy of enforcing Section 31-35. This Court has recognized that, even before this suit was filed, the City's policy was not to enforce Section 31-35. (Dkt. 86 at 2-3.) (*See also* Exs. A-C.) As this Court stated, only one of the named Plaintiffs has ever been cited under Section 31-35 and that was over ten years ago. (*Id.* at 3.) In addition, the City has begun the legislative process to repeal Section 31-35. (*See* Exs. D and E.) Plaintiffs, therefore, cannot demonstrate that there is no genuine issue of material fact as to whether the City has a policy of enforcing Section 31-35. Plaintiffs have presented no evidence that they or anyone else will in the future be subject to Section 31-35. Any claim of possible future enforcement action is speculative and unsupported by evidence.

Plaintiffs' failure to establish as a matter of law the elements for municipal liability is particularly obvious and problematic with respect to Section 552.007 because it is a state law enacted by the Texas legislature, not the Dallas City Council. In the brief in support of their

motion, Plaintiffs are clear that they are only seeking summary judgment as to the facial constitutionality of the three laws and are not currently seeking summary judgment as to any as-applied challenge to the laws.  (*See* Dkt. 97-1 at 1 & n.1.)  Other circuits have held that when a municipality is acting under compulsion of state or federal law, "it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury."  *Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998); *Whitesel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir. 2000) (county cannot be liable for "merely implementing" a policy created at the state level); *Surplus Store and Exchange, Inc. v. City of Delphi*,  928 F.2d 788, 791–92 (7th Cir. 1991) (finding "[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violations is more attenuated, than the 'policy' of enforcing state law.  If the language and standard from *Monell* are not to become dead letter, such a 'policy' simply cannot be sufficient to ground liability against a municipality."); *see also West v. Congemi*, 28 F. Supp. 3d 385, 394-95 (E.D. La. 1998) (noting "[t]he Fifth Circuit has long recognized that simply following the mandatory dictates of state law cannot form a predicate for *Monell* liability."); *Hernandez v. Nacogdoches County, Texas*, No. 9:08-CV-119, 2009 WL 10707162, *7 (E.D. Tex. May 22, 2009) (rejecting *Monell* liability for enforcing federal statute and regulation and adding that it was difficult to understand how a municipal entity could be the proper party to defend the constitutionality of a federal regulation or statute).  *Also see Vives v. City of New York*, 524 F.3d 346, 353 (2d Cir. 2008) (collecting cases discussing *Monell* in context of municipalities enforcing state law).

Here, the City cannot be liable for the state law.  The policymakers of the City did not enact the statute.  The City has no means to repeal or amend it.  Plaintiffs elected not to join the State as

a party, and the State elected not to defend its own statute.  Furthermore, while courts have struggled with articulating a standard when Section 1983 liability is sought for *enforcing* a state law, that is not the case here.  This case is a facial challenge.  There is no issue about the City's actions because none are involved.  All that is presented is a challenge to the wording of the statute.  There is only one policymaker for the statute, the Texas legislature.

In the Fifth Circuit, however, even the idea that an officer's enforcement of a state law sustains municipal liability claim has been rejected.  In *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir.1980), the court refused to hold the county liable under Section 1983 for the conduct of a county judge, holding that the judge's action, "like that of a county sheriff in enforcing a state law, may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute, for which the citizens of a particular county should not bear singular responsibility."  The Fifth Circuit has reached similar results in other cases.  *Doe v. Harris County, Tex.*, 751 Fed. Appx. 545, 550-51 (5th Cir. 2018) (*Monell* liability for a county cannot be premised on a district attorney's action who is acting as an advocate for the state, such that statements made "as part of prosecution predicated on state law" are not attributable to the county); *Johnson v. Moore*, 958 F.2d 92, 93-94 (5th Cir. 1992) (for purposes of establishing a municipal policy, a municipal judge acting in his or her capacity to enforce state law does not act as a municipal policymaker); *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1215 n.31(5th Cir. 1991) (county not liable under § 1983 for county judge's actions because they "effectuated a policy of the State of Texas," not the county).

Because Plaintiffs have wholly failed to provide any evidence or argument as to municipal liability for any of the laws at issue, Plaintiffs' motion for summary judgment should be denied.  Alternatively, Plaintiffs' motion should be denied with respect to their claims related to Section

31-35 because the City's policy is not to enforce that ordinance and their claims related to Section 552.007 because they not only have not – but cannot – establish municipal liability for a facial challenge to a state law.

**B.     Plaintiffs failed to meet their burden in establishing as a matter of law that Sections 31-35, 28-63.3 and 552.007 are facially unconstitutional under the First Amendment.**

**1.     Plaintiffs cannot meet their burden to establish that Section 31-35 is facially unconstitutional because the City is not enforcing Section 31-35.**

As the Court noted in its memorandum opinion and order denying Plaintiffs' application for preliminary injunction with respect to Sections 31-35 and 28-63.3, "it is not reasonable to assume that DPD will resume enforcement of section 31-35." (Dkt. 86 at 3.) The City is not enforcing Section 31-35 and does not plan on doing so anytime in the future. In fact, as discussed above, the City has taken steps toward repealing the ordinance. (*See* Exs. D and E.) On February 28, 2018, the Dallas Police Department issued a bulletin directing officers not to enforce Section 31-35. (Ex. B.) That directive was repeated and reinforced in a bulleting sent on July 15, 2019. (Ex. C.) Further, as the Court has previously noted, "Plaintiffs' evidence suggests that even before the bulletin, DPD had a practice of not enforcing section 31-35 and those citations were issued over ten years ago." (Dkt. 86 at 3.) Plaintiffs seek a declaration that Section 31-35 is facially unconstitutional and request that the Court require the City to cease enforcement of Section 31-35. (Dkt. 96 at 1-2.) But Plaintiffs' ultimate requested relief is the current status quo. The City is not enforcing Section 31-35, so Plaintiffs' request for a permanent injunction is moot.

**2.     Plaintiffs fail to provide evidence and analysis that as a matter of law Sections 28-63.3 and 552.007 are content-based and do not serve a compelling governmental interest.**

In their brief, Plaintiffs lump their argument regarding the unconstitutionality of Section 31-35, Section 28-63.3 and Section 552.007 together, referring to "the Challenged Ordinances" or

the "Challenged Laws" generally rather than specifically analyzing each law individually.  It is improper, however, to evaluate all three sections together as if they were the same law because First Amendment scrutiny of laws for free speech violations should be conducted on a section by section basis.  *Serv. Emps. Int'l v. City of Houston*, 595 F.3d 588, 598 (5th Cir. 2010).  It is Plaintiffs' burden to establish through evidence and case analysis that there is no genuine issue of material fact that Section 31-35, Section 28-63.3 and Section 552.007 are each facially unconstitutional.  Plaintiffs wholly fail to meet this burden, however, because they spend almost the entire brief laying out the case law but provide hardly any analysis of the case law in the context of this case or each of the three laws at issue.  (*See* Dkt. 97-1 ¶¶ 11, 25.)  In fact, the case law cited by Plaintiffs would at most apply to Section 31-35 if Plaintiffs had sought to provide such an analysis.  The Fifth Circuit has established that it is not the court's duty to sift through the record in search of evidence for issues of material facts.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Here, Plaintiffs lay out some case law and then seem to expect the Court to take it upon itself to review the three laws at issue and perform its own analysis as to the applicability of the case law to those laws.  That is the burden that Plaintiffs should carry in their motion for summary judgment, not the Court.  The fact that Plaintiffs have essentially failed to do any analysis of the case law dooms their motion for summary judgment as to all three laws at issue.

First, Plaintiffs cite to *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), for the proposition that government regulation of speech is content-based if a law applies to speech because of the topic discussed or the idea or message expressed.  (Dkt. 97-1 ¶ 11.)  Plaintiffs follow this proposition with a one sentence statement claiming that the "Challenged Ordinances" are content-based because they curtail only specific kinds of speech, one that seeks alms or charity (*id*.), but

this statement does not provide any citation or reference to definitions in the laws at issue.  In fact, Sections 552.007 and 28-63.3 do not define solicitation as seeking alms or charity.

Further, while Plaintiffs contend "the Challenged Ordinances" are not "narrowly tailored in furtherance of any compelling governmental interest" (Dkt. 97-1 ¶ 25), the cases they cite hold that public safety, the City's reason for enforcing the laws, is a compelling governmental interest. *See, e.g.*, *Thayer v. City of Worcester*, 144 F. Supp. 3d 177, 190-91 (D. Mass. 2015).  As to the issue of whether the laws are narrowly tailored to meet that compelling governmental interest, the cases Plaintiffs cite involve legislation that is not comparable to Sections 552.007 and 28-63.3. For example, in *Thayer v. City of Worcester*, the ordinances at issue restricted aggressive panhandling and panhandling at certain times of day, not other forms of solicitation committed in or adjacent to a roadway as Sections 552.007 and 28-63.3 do.  *Id.* at 221.  Plaintiffs do not provide any argument or analysis to show how the *Thayer* decision is applicable to Sections 552.007 or 28-63.3.

Plaintiffs cite three additional cases, but as with *Thayer*, Plaintiffs fail to apply the case law to the laws at issue and, in particular, fail to demonstrate their applicability to Sections 552.007 and 28-63.3.  In *Norton v. City of Springfield*, 806 F.3d 411 (7th Cir. 2015), the court concluded that because the ordinances in that case were found to be content-based and no compelling government interest was offered by the city they were unconstitutional ordinances.  Here, however, the City has offered a compelling governmental interest for Sections 552.007, 28-63.3, and 31-35. In *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276 (D. Colo. 2015), the subject ordinance specifically regulated speech in the form of panhandling and solicitation for money between sunset and sunrise and in particular areas of the city.  Finally, in *McLaughlin v. Lowell*, 140 F. Supp. 3d

177 (D. Mass. 2015) [2], the ordinances that were struck down specifically regulated panhandling within specific areas in a downtown area as well as aggressive panhandling. *Id.* at 188. Again, the ordinances at issue in *Browne* and *McLaughlin* are not comparable to Sections 552.007 and Section 28-63.3.

Plaintiffs' brief is devoid of any application of this case law to Sections 552.007 and 28-63.3, and it fails to establish that there is no genuine issue of material fact as to the City's compelling governmental interest in enforcing Section 552.007 and enacting 28-63.3. Further, Plaintiffs have failed to establish that there is no genuine issue of material fact as to Sections 552.007 and 28-63.3 being the least restrictive means to promote the City's compelling governmental interest. Plaintiffs' argument in paragraphs 6 through 25 of their brief simply fails to address the applicability of the case law to Sections 552.007 or 28-63.3. (Dkt. 97-1 ¶¶6-25.)

Plaintiffs do not support their argument with any analysis specific to any of the laws at issue. Moreover, as to Sections 28-63.3 and 552.007, if Plaintiffs had provided any evidence or analysis, none of the case law cited would support Plaintiffs' assertion that there is no genuine issue of material fact that Sections 28-63.3 and Section 552.007 are content based, do not serve a compelling governmental interest, and are not the least restrictive means to further that interest by focusing on issues that that are not relevant to those sections. To the contrary, the case law Plaintiffs cite considers ordinances that are significantly different from Sections 552.007 and 28-63.3.

For these reasons, the Court should deny Plaintiffs motion for summary judgment as to the facial constitutionality of Sections 28-63.3, 552.007 and 31-35.

---

[2] The Court previously found that this case and the ones mentioned below were not persuasive because they involved ordinances with different restrictions that created tailoring problems. (Dkt 86 at 5 n.1)

### 3.       As a matter of law, Section 28-63.3 is content neutral.

In *Reed v. Town of Gilbert*, the Supreme Court summarized that government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.  *Reed*, 135 S. Ct. at 2227.  The Court added that the common sense meaning of "content based" looks to whether the regulation on its face draws distinction based on the speaker's message.  *Id*.  "Some facial distinctions based on a message are obvious, defining regulated speech by particular subject matter, and others are more subtle, defining regulated speech by its function or purpose."  *Id*.

Here, the Court observed that the ordinance prohibits only solicitation and does not stop individuals from standing on the side of the road to advocate for a political campaign or a church "[b]ut once the advocate begins to offer or ask for something from drivers, their speech runs afoul of section 28-63.3."  (*See* Dkt. No.86 at 3-4.)  Based on this distinction, the Court concluded section 28-68.3 was a content-based restriction.  *Id*. at 4.  Respectfully, the City disagrees with the Court's conclusion.

The City ordinance seeks to regulate all solicitation from the roadside.  While solicitation in the broadest sense is a form of communication, in the context of the ordinance, it is the actions of the advocate that are regulated and not the advocate's speech or the message.  The ordinance does not apply "to particular speech because of the topic discussed or the idea or message expressed."  *Reed*, 135 S. Ct. at 2227.  The regulatory effect of section 28-68.3 applies no matter what the topic, the idea, or message expressed.  The ordinance regulates the activities in the roadway without regard to the content.

In *International Society for Krishna Consciousness of New Orleans, Inc. v. City of Baton Rouge*, 876 F.2d 494, 495 (5th Cir. 1989), the Fifth Circuit considered whether an "ordinance prohibit[ing] soliciting employment, business or charitable contributions from the occupants of

any vehicle on any street or roadway" was constitutional.  The court concluded that the challenged ordinance was on its face content-neutral because the "ordinance applies even-handedly to every organization or individual, regardless of viewpoint, which attempts to solicit 'employment, business or charitable contributions of any kind from the occupant of any vehicle' traveling on Baton Rouge streets."  *Id*. at 497.  In *Houston Chronicle Publishing Co. v. City of League City*, 488 F.3d 613, 616 (5th Cir. 2007), which involved a challenge to a solicitation prohibition at traffic lights, the Fifth Circuit held that "its plain language is non-discriminatory and content-neutral." *Id*.

In *Watkins v. City of Arlington*, 123 F. Supp. 3d 856, 867 (N.D. Tex. 2015), the court was confronted with a facial challenge to a similar ordinance adopted by the City of Arlington.  The ordinance prohibited in-roadway distribution of "any material" to occupants of a vehicle stopped at a signal.  The Court concluded the ordinance was content-neutral because it "does not make distinctions based upon the speaker, subject matter, or viewpoint on its face."  *Id*.  Similarly, in *Lone Star Security & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192 (9th Cir. 2016), various ordinances prohibiting non-motorized mobile billboard advertising displays and mobile billboards on parked motorized vehicles were challenged.  The court held that the ordinances were content-neutral because they "regulate the manner—not the content—of affected speech," discriminating against the prohibited billboards based on "their size and mobility alone."  *Id*. at 1200.  The court added that the "ordinances do not single out a specific subject matter for differential treatment, nor is any kind of mobile billboard exempted from regulation based on its content."  *Id*.

Likewise, in *March v. Mills*, 867 F.3d 46 (1st Cir. 2017), the challenge was to a statute that prohibited noise at medical facilities intended to disrupt the provision of the medical services.  The court found that the statute was not content-based because it was justified without reference to

13

content and not adopted because of disagreement with the speech.  *Id*. at 54-56; *see also McCullen v. Coakley*, 573 U.S. 464, 479-80 (2014) (noting violation of statute depended not "on what they say," but "simply on where they say it"); *Recycle for Change v. City of Oakland*, 856 F.3d 666, 670-71 (9th Cir. 2017) (finding ordinance regulating unattended donation collection boxes was not content based).  As with the laws at issue in these cases, Section 28-63.3 is content-neutral because its focus is on the manner rather than the content of speech.

### 4. As a matter of law, Section 28-63.3 survives intermediate scrutiny.

Because section 28-68.3 is content-neutral, the standard of review is intermediate scrutiny, requiring that the ordinance be justified without reference to the content of the regulated speech, be narrowly tailored to serve significant governmental interests, and leave open ample alternative channels for communication of information.  *Watkins*, 123 F. Supp. 3d at 867 (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).  This Court has already determined that Section 28-63.3 survives the higher standard of strict scrutiny review.  (Dkt. No. 86 at 5-6.)

As explained above, the ordinance is justified without reference to the content of the regulated speech.  Only actions in public roadways are regulated, and those regulations apply without regard to the speaker's message.  This Court and other courts have already found that regulating interaction between drivers and persons standing by the roadway involve significant governmental interests.  Dkt. No. 86 at 5; *Houston Chronicle, Int'l Soc'y for Krishna Consciousness of New Orleans*, 876 F.2d at 497-98488 F.3d at 621-23; *Watkins*, 123 F. Supp. at 867.  Likewise, similar statutes and ordinances have been found to be narrowly tailored. *Int'l Soc'y for Krishna Consciousness of New Orleans*, 876 F.2d at 497-98; *Houston Chronicle*, 488 F.3d at 621-23; *Watkins*, 123 F. Supp. at 867.

Finally, ample alternative channels of communication of information remain open.  The ordinance does not prohibit individuals from exercising other forms of communication along

public roadways.   As in *International Society for Krishna Consciousness of New Orleans*, the ordinance does not prohibit solicitation from pedestrians, door-to-door canvasing, or solicitation by telephone. *See Int'l Soc'y for Krishna Consciousness of New Orleans*, 876 F.2d at 498.  Section 28-68.3 survives intermediate scrutiny and is constitutional under that standard.

###    5.       Sections 28-63.3 and 552.007 survive strict scrutiny.

If the Court concludes that section 28-68.3 is not content-neutral, it nonetheless survives the higher standard of review of strict scrutiny.   The Court has previously determined that the ordinance serves a compelling state interest, traffic safety.  (Dkt. No 86 at 4).   Plaintiff presents neither evidence nor authority disputing the Court's prior finding.   This Court has also previously determined that the ordinance was narrowly tailored, holding:

> The solicitation that section 28-63.3 prevents is unique from other types of speech. If successful, the solicitation necessarily draws either the solicitor to the road, or the driver to the sidewalk. A vivid imagination is not required to see how this behavior could impede the free and safe flow of traffic. An ordinance banning roadside solicitation seems to be a completely reasonable way to address that danger. It is neither under nor over inclusive, allows solicitation in several other areas, and comprehensively remedies the dangers associated with roadside solicitation. Accordingly, the Court holds that section 28-63.3 is narrowly tailored to fulfill a compelling government interest.

*Id.* at 5 (footnote omitted).  Plaintiffs' brief does not present any evidence, authorities, or argument challenging the correctness of the Court's earlier holding.  Summary judgment should be denied.

Section 552.007 also survives strict scrutiny because it is narrowly tailored to serve a compelling governmental interest, and the City respectfully disagrees with the Court's previous conclusion that it does not.  This is because solicitation from within the roadway is more dangerous than other forms of speech within the roadway.   When an individual is offering or seeking something from the driver in the roadway and a driver responds, it is more likely that the solicitor will move farther into the roadway than might be necessary for another purpose and that both the solicitor and the driver will linger in the roadway even after a light has changed or traffic should

15

otherwise begin to move again.[3]  Although pre-approved charitable solicitations could pose similar issues, the very fact that they have been pre-approved would allow the City to monitor the solicitation and take additional precautions for traffic safety, including, for example, controlling the location and time of the solicitation to avoid more dangerous intersections or providing police resources to minimize traffic issues.  These types of precautions are not feasible for solicitations for which the City has no notice, including unapproved charitable solicitations.

> **6.      If the Court finds section 552.007 to be unconstitutional, the offending portions should be severed from the statute.**

In the alternative, if the Court should conclude that *Monell* is satisfied and section 552.007 is facially unconstitutional, the question remains as to what the appropriate remedy is.  The severability of provisions of a state statute, when a part is held to be unconstitutional, is a question of state law.  *National Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 210 (5th Cir. 2011).  Under Texas law, as a general matter, "[w]hen a part of a statutory scheme is unconstitutional, a court should—where possible—sever out the unconstitutional aspects and save the balance of the scheme."  *Geeslin v. State Farm Lloyds*, 255 S.W.3d 786, 797 (Tex. App.—Austin 2008, no pet.).  The Texas Government Code states:

> (a) If any statute contains a provision for severability, that provision prevails in interpreting that statute.
>
> (b) If any statute contains a provision for nonseverability, that provision prevails in interpreting that statute.
>
> (c) In a statute that does not contain a provision for severability or nonseverability, if any provision of the statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute that can be given effect without the invalid provision or application, and to this end the provisions of the statute are severable.

---

[3] *See, e.g.*, https://www.dallasnews.com/news/2019/07/07/12-year-old-boy-killed-in-hit-and-run-while-collecting-donations-in-red-bird/

Tex. Gov't Code Ann. § 311.032. Thus, "in the absence of a nonseverability provision, the legislature has demonstrated a preference for severability, instructing courts to preserve valid provisions of a statute wherever possible." *Geeslin*, 255 S.W.3d at 797, n.4. Under Texas law, the test for severability is:

> When, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, dependent on each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed the legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must stand.

*Rose v. Doctors Hospital*, 801 S.W.2d 841, 844 (Tex. 1990) (quoting *Western Union Tel. Co. v. State*, 62 Tex. 630, 634 (1884)). Where severability is permissible, the unconstitutionality of one part of a statute should not invalidate the entire statute unless the unconstitutional provision is not separable from the remainder. *Commission for Lawyer Discipline v. Benton,* 980 S.W.2d 425, 441-42 (Tex.1998).

Section 552.007(a) states: "A person may not stand in a roadway to solicit a ride, contribution, employment, or business from an occupant of a vehicle, except that a person may stand in a roadway to solicit a charitable contribution if authorized to do so by the local authority having jurisdiction over the roadway." The Court observed that the statute was not content-neutral because it involved solicitation and made an explicit exception for pre-approved charitable solicitations. (Dkt. 88 at 3.) The Court continued that the statute did not survive strict scrutiny because it was clearly under-inclusive and not narrowly tailored since "there is no reason to think that solicitation from within the roadway is any more dangerous than other forms of speech or pre-

17

approved charitable solicitations from within the roadway." (*Id.*)  Under Texas law, however, the offending portion of the statute may be severed and the remainder of the statute stand.

The Court's order highlights that the offending portion is distinct and separable from the remainder of the statute.  If the phrase "except that a person may stand in a roadway to solicit a charitable contribution if authorized to do so by the local authority having jurisdiction over the roadway" is stricken, the remainder of the statute remains complete in itself.  It would simply read "A person may not stand in a roadway to solicit a ride, contribution, employment, or business from an occupant of a vehicle."  What would remain is a statute consistent with the City's ordinance. As the Court found in its treatment of section 28-63.3, such language would not suffer the defect of under-inclusiveness and not being narrowly tailored.  Similar prohibitions have been found to be constitutional.  *See Int'l Soc'y for Krishna Consciousness of New Orleans, Inc.*, 876 F.2d at 495; *Houston Chronicle*, 488 F.3d at 616; *Watkins,* 123 F. Supp. 3d at 867.  While the City does not believe it has the responsibility under *Monell* to defend a state statute that the State of Texas declines to defend, if the statute is unconstitutional, only the unconstitutional portions should be stricken, and the remainder of the statute upheld.

### C.     Plaintiffs have failed to establish that there is no genuine issue of fact that their Fourth Amendment rights were violated.

Plaintiffs make no argument in their motion for summary judgment related to their Fourth Amendment claims.  Furthermore, there is nothing on the face of the laws at issue that violates the Fourth Amendment.  As discussed above, Plaintiffs assert that they are only seeking relief as to facial unconstitutionality in this motion (Dkt. 97-1 at 1 n.1), but Plaintiffs' claims for alleged violation of the Fourth Amendment are as-applied challenges (*see* Dkt. 59 ¶¶ 152-53).  In addition, to the extent that Plaintiffs are seeking relief through summary judgment regarding past arrests, the Court has already dismissed Plaintiffs' claims for retroactive relief.  (Dkt. 90 at 12.)  Plaintiffs

have not met their burden – or even attempted to meet their burden – to establish that there is no genuine issue of material fact as to their claims under the Fourth Amendment.

For the reasons stated above, section 31-35 could not form the basis for a prospective Fourth Amendment violation because it is not currently being enforced, and there is no evidence of any City plans to resume enforcement.  As also discussed above, the Dallas City Council is considering whether it should be repealed.  As discussed above and as the Court has already held, section 68-23.3 is facially constitutional.  Section 552.007 also is facially constitutional or, to the extent that it is unconstitutional due to its exception for pre-approved charitable solicitations, that portion of the statute can be severed under state law.  Therefore, no possible Fourth Amendment claim exists based on a future arrest under either law.  Finally, as to all of the laws, there is no possible evidence to support *Monell* liability against the City.

* * *

For all of the foregoing reasons, the City of Dallas respectfully asks that the Court deny Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

CHRISTOPHER J. CASO
Interim City Attorney


By  */s/ Sonia T. Ahmed*              
Sonia T. Ahmed
Assistant City Attorney
Texas Bar No. 24082605
Sonia.syed@dallascityhall.com

Justin Roy
Assistant City Attorney
State Bar No. 24013428
Justin.roy@dallascityhall.com

19

Kathleen M. Fones
Assistant City Attorney
Texas Bar No. 24050611
Kathleen.fones@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7DN
Dallas, Texas  75201
Telephone:  214-670-3519
Telecopier:  214-670-0622

**Attorneys for Defendant City of Dallas**

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

_/s/Sonia T. Ahmed_____
Attorney